J-S40010-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL T. MCLOUGHLIN | : | |
| | : | |
| Appellant | : | No. 217 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 29, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0003572-2020

BEFORE: NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.: **FILED DECEMBER 29, 2023**

Appellant Michael T. McLoughlin appeals from the judgment of sentence imposed following his convictions for involuntary deviate sexual intercourse (IDSI) and related offenses. Appellant challenges the discretionary aspects of his sentence and the legality of the lifetime registration requirement under Subchapter H of the Sexual Offender Registration and Notification Act[1] (SORNA). We affirm.

The underlying facts of this matter are well known to the parties. ***See*** Trial Ct. Op., 4/28/23, at 1-2. Briefly, Appellant was convicted of IDSI, indecent assault, and sexual assault[2] after he sexually assaulted a female

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.42.

[2] 18 Pa.C.S. §§ 3123(a)(3), 3126(a)(4), and 3124.1, respectively.

complainant in 2019. On August 29, 2022, the trial court sentenced Appellant

to an aggregate term of five and a half to eleven years' incarceration followed

by three years of probation.[3] The Sexual Offender Assessment Board (SOAB)

concluded that Appellant was not a sexually violent predator (SVP). However,

Appellant was designated a Tier III offender and ordered to comply with

Subchapter H's lifetime registration requirement. Appellant filed a post-

sentence motion challenging the discretionary aspects of his sentence, which

the trial court denied.

Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P.

1925(b) statement.[4] The trial court issued a Rule 1925(a) opinion addressing

Appellant's claims.

On appeal, Appellant raises the following issues for review:

1. Whether the trial court abused its discretion when it imposed
   an eleven year prison sentence on [] Appellant for [IDSI] where
   he had a prior record score of zero, was not found to be a risk
   to reoffend, and the trial court only considered the gravity of

_____

[3] Specifically, the trial court sentenced Appellant to five and a half to eleven years' incarceration and three years' probation for IDSI and a concurrent term of five-to-ten months' incarceration for indecent assault. Both sentences were within the standard guideline range. The trial court concluded that Appellant's conviction for sexual assault merged with IDSI for sentencing purposes.

[4] The record reflects that Appellant initially retained private counsel (prior counsel) who filed a timely Rule 1925(b) statement on Appellant's behalf. However, while this appeal was pending, prior counsel moved to withdraw from representation. This Court subsequently granted new counsel's application to remand the matter to the trial court for a supplemental Rule 1925(b) statement.

the offense and neither the protection of the public nor Appellant's rehabilitative needs?

2. Whether Appellant having to register as a sex offender for the rest of his life constitutes an illegal sentence because Act 29 violates Appellant's Due Process rights and unconstitutionally imposes a punishment upon him?

Appellant's Brief at 6.

In his first claim, Appellant challenges the discretionary aspects of his sentence. *Id.* at 23. Specifically, Appellant argues that although his sentence was within the sentencing guidelines, it "is more excessive than what is necessary to achieve consistency with the gravity of the offense as it relates to the impact on [the victim's] life, as well as the protection of the public and [Appellant's] rehabilitative needs." *Id.* at 25. Appellant argues that "[t]he only mention of these factors during the sentencing proceeding in this matter came when the trial court recited the mandates of [42 Pa.C.S. §] 9721(b)" and that "[n]either the protection of the public nor [Appellant's] rehabilitative needs were discussed again." *Id.* Therefore, Appellant requests that we vacate his judgment of sentence and remand for resentencing. *Id.* at 32.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a

- 3 -

substantial question that the sentence is inappropriate under the sentencing code.

***Commonwealth v. Corley***, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); ***see also*** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claim raises a

substantial question for our review. *See Commonwealth v. Derry*, 150 A.3d 987, 992 (Pa. Super. 2016) (reiterating that a claim that a sentencing court failed to consider the Section 9721(b) factors presents a substantial question for our review); *see also Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (stating "an excessive sentence claim-in conjunction with an assertion that the court failed to consider mitigating factors raises a substantial question" (citation omitted)).   Therefore, we will review the merits of Appellant's claims.

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion.  In this context, an abuse of discretion is not shown merely by an error in judgment.  Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d).  Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (citation omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant." *Commonwealth v. Fullin*, 892 A.2d 843, 848 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender."

*Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Id.* (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 637-38 (Pa. Super. 2018) (citations omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023), *appeal granted on other grounds*, --- A.3d ---, 289 MAL 2023, 2023 WL 7123941 (Pa. filed Oct. 30, 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors[.]" *Id.* (citation omitted).

Here, in its Rule 1925(a) opinion, the trial court explained:

Instantly, [Appellant's] aggregate sentence of five and one-half (5 1/2) to eleven (11) years of imprisonment consists of a standard range sentence with respect to the [IDSI] - person unconscious charge. Thus, to the extent [Appellant] contends his aggregate sentence is excessive and unreasonable, this claim has no merit.

The court also had the benefit of a PSI report and considered all of the mitigating factors related to [Appellant]. N.T. Sentencing Hr'g, 8/29/22, at 6. Additionally, the court considered all other

factors required under 42 Pa.C.S. § 9721(b), such as the sentencing guidelines. *Id.* The court also had the benefit of memorand[a] prepared by the Commonwealth and defense counsel and letters written in support of [Appellant] by his friends and family members. *Id.* [Appellant's] sister-in law also offered testimony at the sentencing hearing referencing [Appellant's] alcoholism and his efforts to treat this disorder by participating in Alcoholics Anonymous and "take his own inventory daily and work on his shortcomings." *Id.* at 23. Therefore, the record indicates the court was aware of relevant information regarding [Appellant's] character, including rehabilitative needs and mitigating factors, and weighed this information when it imposed sentence. The combination of [Appellant's] standard range sentence and the court's analysis of the PSI [report], therefore, resulted in a sentence which cannot be considered excessive or unreasonable.

[Appellant] committed a sexual assault on an individual while she was asleep in her own bed. In her victim impact statement, [the victim] indicated that she has had trouble sleeping since the incident due to the "fear that every little movement or noise is someone in my apartment coming to attack me." N.T. Sentencing Hr'g, 8/29/22, at 8-9. [The victim] further testified that she has "constant nightmares of assault and rape" and has developed a fear of strangers which causes her to feel unsafe in public places. *Id.* at 9. During his allocution at the sentencing hearing, [Appellant] demonstrated a lack of remorse for his conduct by challenging the evidence which was presented at trial and stating that "I take ownership in my part in this case. I recklessly consumed alcohol and wandered into the wrong room mistakenly. This caused enough fright where someone was able to accuse me of a crime." *Id.* at 36. (emphasis added). [Appellant] further demonstrated a lack of remorse by submitting a character letter to the court which challenged [the victim's] integrity: "[W]hat kind of person is the victim? Like [Appellant], I would wager a fair sum that she has problems with alcohol just like [Appellant]. One wonders if this was simply a case of consensual relations with next morning remorse coupled with some existing difficulty the two were having as recent roommates."

\* \* \*

The record demonstrates the court considered the magnitude of [Appellant's] actions and determined that a high-end standard

range sentence was appropriate. In reaching this decision, the court took mitigating factors and [Appellant's] rehabilitative needs into account and determined that these factors did not justify a decreased sentence in light of [Appellant's] assault on [the victim] and his failure to acknowledge any responsibility or demonstrate any remorse.

Trial Ct. Op. at 6-9.

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. As noted previously, the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g, 8/29/22, at 6; *see also* Trial Ct. Op. at 6. Therefore, we presume that the trial court was fully aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 637; *see also Kurtz*, 294 A.3d at 536. Further, we will not re-weigh those factors on appeal. *See Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors). Under these circumstances, we have no basis to conclude that the trial court abused its discretion in imposing Appellant's sentence. *See Edwards*, 194 A.3d at 637. Therefore, Appellant is not entitled to relief.

**SORNA Registration Requirements**

In his remaining claim, Appellant argues that Subchapter H's lifetime registration requirement is an illegal sentence. Appellant's Brief at 33. In support, Appellant argues that his claims "directly mirror those" set forth in

***Torsilieri***, and asserts that SORNA's lifetime registration requirement "deprives him of his right to reputation and it creates an irrebuttable presumption that he poses a high risk to reoffend. . . . is unconstitutional because it is punitive" and "violates the separation of powers doctrine, is cruel and unusual, and violates his right to a jury trial." ***Id.*** at 18. Therefore, Appellant requests that we vacate his judgment of sentence and remand for resentencing.

Appellant's claims "raise questions of law for which our standard of review is *de novo* and our scope of review is plenary." ***Torsilieri***, 232 A.3d at 575 (citation omitted). In resolving such claims, our Supreme Court has explained that

> [i]n addressing constitutional challenges to legislative enactments, we are ever cognizant that "the General Assembly may enact laws which impinge on constitutional rights to protect the health, safety, and welfare of society," but also that "any restriction is subject to judicial review to protect the constitutional rights of all citizens." ***In re J.B.***, 107 A.3d 1, 14 (Pa. 2014). We emphasize that "a party challenging a statute must meet the high burden of demonstrating that the statute clearly, palpably, and plainly violates the Constitution."

***Id.*** (some citations omitted).

Initially, we note that Appellant's instant claims are identical to those raised by the defendant in ***Torsilieri***. In ***Torsilieri***, the defendant claimed that the registration and notification provisions in Subchapter H were unconstitutional and violated his right to due process, as they utilized an irrebuttable presumption of future dangerousness and recidivism. ***See***

- 10 -

*Torsilieri*, 232 A.3d at 574-75. The defendant also argued that Subchapter H was punitive and "violated *Alleyne* and *Apprendi*[5] by allowing the imposition of enhanced punishment based on an irrebuttable presumption of future dangerousness that is neither determined by the finder of fact nor premised upon proof beyond a reasonable doubt." *Id.* at 575 (citation and quotation marks omitted).

In *Torsilieri*, the trial court conducted a hearing at which the defendant introduced three expert affidavits to establish his claim. However, the Commonwealth did not offer any evidence to the contrary. *Id.* at 574. Ultimately, after the trial court issued an order declaring Subchapter H unconstitutional, the Commonwealth appealed directly to our Supreme Court, which has exclusive jurisdiction over matters in which courts of common pleas declare statutes unconstitutional. *Id.* at 572; *see also* 42 Pa.C.S. § 722(7).

On appeal before our Supreme Court, the Commonwealth introduced evidence to dispute the defendant's irrebuttable presumption claim. In reviewing the trial court's order, the *Torsilieri* Court separated the defendant's claims into two categories: (1) the irrebuttable presumption challenge; and (2) whether Subchapter H's lifetime registration provisions violated the requirements of *Apprendi* and *Alleyne*, imposed sentences in excess of the statutory maximum sentence, constituted cruel and unusual punishment, and violated the separation of powers doctrine by preventing trial

---

[5] *See Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

- 11 -

courts from imposing individualized sentences. *Torsilieri*, 232 A.3d at 581-82.

With respect to the irrebuttable presumption claim, the *Torsilieri* Court concluded that the defendant raised "colorable constitutional challenges" to Subchapter H based on the evidence presented to and relied on by the trial court. *Id.* at 584. However, the *Torsilieri* Court explained:

> Nevertheless, we are unable to conclude based upon the record currently before this Court whether [the defendant] has sufficiently undermined the validity of the legislative findings supporting . . . Subchapter H's registration and notification provisions, especially in light of the contradictory scientific evidence cited by the Commonwealth during this appeal which may refute the [the defendant's] experts. It is not the role of an appellate court to determine the validity of the referenced studies based on mere citations rather than allowing the opportunity for the truths to develop through a hearing on the merits of the evidence. Accordingly, a remand is appropriate to allow the parties to address whether a consensus has developed to call into question the relevant legislative policy decisions impacting offenders' constitutional rights.

*Id.* at 585 (footnote omitted).

After *Torsilieri* was decided, this Court has remanded cases for further proceedings in matters where the defendant raised an irrebuttable presumption claim, but did not have an opportunity to develop those claims at a hearing before the trial court. *See, e.g., Commonwealth v. Asher* 244 A.3d 27, 33 (Pa. Super. 2020); *Commonwealth v. Mickley*, 240 A.3d 957, 961-62 (Pa. Super. 2020).

More recently, a panel of this Court issued a decision in *Commonwealth v. Wolf*, 276 A.3d 805 (Pa. Super. 2022). In *Wolf*, the

appellant claimed that Subchapter H "violate[d] his due process rights, and constitute[d] an illegal sentence, because it [was] 'impermissibly punitive, based on an irrebuttable false presumption, and [did] not require a finding of guilt beyond a reasonable doubt.'" *Id.* at 808 (citation omitted). Although the appellant's substantive claims were identical to the issues raised in *Torsilieri*, the *Wolf* Court noted that, unlike the defendant in *Torsilieri*, the appellant sought relief "as a matter of law without further evidentiary development." *Id.* (citations omitted).

In rejecting the appellant's claim, the *Wolf* Court explained:

We will not venture beyond our Supreme Court's holding in *Torsilieri*. In *Torsilieri*, the Supreme Court concluded that the defendant's scientific evidence "presented a colorable argument that the General Assembly's factual presumptions have been undermined by recent scientific studies" – and, even though the Commonwealth did not present any contrary evidence during the post-sentence motion hearing – the Supreme Court still concluded that "the evidence of record does not demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in *J.B.*, nor the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive, which we have noted 'requires more than merely showing disagreement among relevant authorities.'" *Torsilieri*, 232 A.3d at 594 (citations omitted). In the case at bar, [the a]ppellant simply asks that we hold Revised Subchapter H's registration provisions unconstitutional as a matter of law. Given that our Supreme Court, in *Torsilieri*, refused to hold Revised Subchapter H unconstitutional despite uncontradicted evidence presented by the defendant, we too refuse to hold the statutes unconstitutional where [the a]ppellant has presented no evidence, whatsoever, to "demonstrate a consensus of scientific evidence as was present to find a presumption not universally true in *J.B.*, nor the 'clearest proof' needed to overturn the General Assembly's statements that the provisions are not punitive." *See id.* at 594 (citations omitted).

*Id.* at 812-13 (some citations omitted).

Here, as in *Wolf*, Appellant does not request that we remand the matter for the trial court to conduct an evidentiary hearing, nor does he present any evidence of a scientific consensus in support of his claims. Instead, Appellant asks this Court to conclude that SORNA is unconstitutional and vacate his "illegal" lifetime registration requirement. *See* Appellant's Brief at 43. However, without any evidence of scientific studies, Appellant cannot make "a colorable argument that the General Assembly's factual presumptions have been undermined by recent scientific studies[.]" *See Torsilieri*, 232 A.3d at 594. Therefore, Appellant has failed to satisfy his burden to prove that the Revised Subchapter H provisions applicable to him "clearly, palpably, and plainly" violate the constitution. *See id.* at 575; *see also Wolf*, 276 A.3d at 813. Therefore, Appellant is not entitled to relief.[6]

_____

[6] We note that although Appellant did not raise his SORNA claims before the trial court, our Supreme Court has held that our "legality of sentencing jurisprudence—*i.e.*, that challenges implicating the legality of a sentence cannot be waived—applies equally to constitutional challenges to Revised Subchapter H of SORNA" and cannot be waived. *Commonwealth v. Thorne,* 276 A.3d 1192, 1194 (Pa. 2022). The *Thorne* Court also explained that its holding "would have no meaning if individuals seeking to challenge Revised Subchapter H on constitutional grounds were required to present evidence in support thereof during his/her underlying criminal proceedings **in order to preserve the issue**." *Id.* at *10 n.3 (emphasis added).

Here, we do not find that Appellant waived his Subchapter H claims, nor do we conclude that he failed to adequately preserve his issues because he did not raise his claims before the trial court. Instead, we conclude that because Appellant did not present any evidence to establish his claims, either before the trial court **or on appeal**, he has failed to meet his burden to prove that
*(Footnote Continued Next Page)*

For these reasons, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/29/2023

---

Subchapter H is unconstitutional. Therefore, we conclude that **Thorne** is distinguishable. **Compare Thorne,** 20 WAP 2021 at *1, **with Torsilieri**, 232 A.3d at 594, **and Wolf,** 2022 WL 1698704 at *6.